## STATEMENT OF FACTS

On Friday, March 7, 2025, at approximately 5:45 P.M. , members of the Metropolitan Police Department's Robbery Suppression Unit were working the evening tour of duty. Investigators were dressed in plainclothes with police outer vests and were utilizing marked and unmarked police cruisers.

At that time, officers observed that Joseph Thompson ("**THOMPSON**"), was standing in front of South Capitol Liquor Store, located at 4654 Livingston Road SE. As officers turned into the block, **THOMPSON** abruptly stopped talking to another male and **THOMPSON** quickly entered into the liquor store. Officers then parked their cruisers and entered inside the store to conduct a business check. Investigator Todd stood outside the business, and subsequently observed **THOMPSON** exit the store with a black bag in his right hand. Investigator Todd noticed that the bag did not appear to be substantially heavy; however, **THOMPSON's** right arm was pressed against his body. **THOMPSON** was wearing a black coat which was unzipped, and, by holding his right arm against his body, he prevented his coat from blowing open. Investigator Todd then observed Investigator Guzman exit out of the store in an attempt to make contact with **THOMPSON**.

Investigator Guzman began speaking with **THOMPSON**, with Investigator Guzman positioned behind **THOMPSON** as **THOMPSON** was walking forward. **THOMPSON** did not turn around fully while chatting with Investigator Guzman. **THOMPSON's** unzipped coat was no longer shielded by the **THOMPSON's** arm. Consequently, officers saw a heavily weighted rectangular object in **THOMPSON's** right front jacket pocket.

At that point, as **THOMPSON** continued walking away from Investigator Guzman, Investigator Guzman made a comment to **THOMPSON** that **THOMPSON's** right pocket looked heavy. Upon Investigator Guzman saying that to **THOMPSON**, **THOMPSON** immediately ran away from the officers. Officers followed after **THOMPSON**, where officers observed **THOMPSON** move the black bag he had in his right hand to his left hand and began reaching towards his right jacket pocket with his right hand. Officers then observed **THOMPSON** tossing a firearm from his right hand towards the street. At the same time, an officer heard a loud clank of the firearm striking the ground. **THOMPSON** was quickly apprehended and secured into handcuffs.

Officers recovered a firearm from the location where the object THOMPSON tossed landed. The firearm appeared to be fully functional, designed to expel a projectile by the action of an explosive, and has a barrel length of less than 12 inches and is capable of being fired by use of one hand. The firearm recovered was a black Glock 21, .45 caliber, semi-automatic pistol, bearing serial number KHR171. The firearm had 1 round chambered, with 13 additional rounds, inside a 13-capacity magazine.

Search Incident to **THOMPSON's** arrest revealed a ¾ full ounce vial, containing an amber liquid, with a smell consistent with Phencyclidine (PCP). The search also revealed 3 multi-colored

pills, and a clear bag, containing approximately 23 grams of a white powdery substance, which field tested positive for amphetamines.

A law enforcement query confirmed that the firearm was not registered in the District and that **THOMPSON** did not have a concealed carry permit. A review of **THOMPSON's** criminal history revealed that **THOMPSON** was previously convicted of a felony by the Arlington Circuit Court docket #CR16001009-00 on January 24, 2017, where he was sentenced to a total of 5 years of incarceration. Therefore, at the time **THOMPSON** possessed the firearm and ammunition, he had been convicted of a crime punishable by imprisonment for a term exceeding one year and had knowledge of that fact.

There are no firearms or ammunition distributors in the District of Columbia, therefore, the firearm and ammunition must have travelled in interstate commerce.

As such, your affiant submits that probable cause exists to charge Joseph **THOMPSON** with a violation of 18 U.S.C. 922(g)(1) **(Unlawful Possession of Ammunition By a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year).**

_____
Special Agent Angelica Serrata
Bureau of Alcohol, Tobacco, Firearms and Explosives

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1. by telephone, this 11th day of March 2025.

_____
HONORABLE G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE